# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADEN ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00127-NONE-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Vaden Anderson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this employment discrimination action on January 29, 2021. Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.　　Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff brings this employment discrimination action pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990. Plaintiff also claims retaliation and violations of state law for wrongful termination. (Doc. 1 at 5.) He names the following defendants: (1) Amazon.com, Inc.; (2) Amazon.com, LLC; (3) Golden State FC, LLC; (4) Missy Brost; (5) Ben Gregory; (6) Daniel Buchino; (7) Tyler Lindstrom; (8) Deanna Flores Zellous; (9) Jasbir Gurm; (10) Matthew Akers; (11) Juan Ramirez; and (12) Adam Petrini.

Plaintiff contends that defendants discriminated against him based on his race, color and a hearing disability. He complains of termination of employment, failure to promote, failure to accommodate his disability and retaliation. He alleges that these acts occurred from May 8, 2019 to December 2, 2019 and from December 2, 2019 to January 29, 2021.

According to the Charge of Discrimination attached to his complaint, Plaintiff alleges as follows:

> I.     I was hired on or about May 2017 as an IT Equipment Operator. My supervisor was Daniel Buchino. Prior to working for the company I developed a medical condition and sought treatment. On or about Jan. 2019, I participated in an

2

|   |   |   |
|---|---|---|
| 1 | | internal discrimination complaint filed by another employee.  On or about May, 2019 I submitted a workplace accommodation request.  My request was denied.  I was not engaged in the interactive process.  I then appealed to Corporate HR and my request was eventually approved.  Then, from approximately May 17, 2019 through Sept. 15, 2019, I took a leave of absence due to my medical condition.  Upon my return to work, I was told that I was lucky to still have a job considering most employees who take long leaves of absence do not return to the company.  Thereafter, I had my training cut short.  On or about Dec. 2, 2019, I was discharged. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | II. | I was told that I was discharged for violating company policy.  No other reason was given to me for the treatment. |
| 7 | | |
| 8 | III. | I believe that I have been denied reasonable accommodation, denied training, harassed, and was discharged in retaliation for opposing discrimination and because of my disability, record of disability, and/or perceived disability, in violation of the Americans with Disabilities Act of 1964, as amended.  I believe I was denied training and was discharged in retaliation for opposing discrimination and because of my Race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. |
| 9 | | |
| 10 | | |
| 11 | | |

(Doc. 1 at 15-16.)

**III. Discussion**

**A. Title VII – Discrimination**

Title VII provides that it shall be an "unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). To allege a prima facie case of intentional (disparate treatment) discrimination under Title VII, a plaintiff must allege that (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). "[A]n adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of ... employment.'" *Id.* (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)).

Although Plaintiff alleges that he belongs to two protected classes, he fails to adequately allege that the purported adverse employment action would not have occurred but for his protected status or that similarly situated individuals outside his protected classes were treated

3

more favorably. Plaintiff's conclusory allegations are not sufficient to state a cognizable claim.

**B. Title VII – Retaliation**

To state a claim for retaliation in violation of Title VII, plaintiff must allege that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *see also Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) (an informal complaint to a supervisor is protected activity under Title VII). The causal link may be established by an inference derived from circumstantial evidence, "such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987

Plaintiff does not adequately allege a causal link between any protected activity and any adverse personnel action. He fails to allege that his supervisors were aware of his participation in any internal discrimination complaint or other protected activity or that the protected action and the alleged retaliatory employment decision were sufficiently close in time to establish the necessary causal link. Plaintiff's conclusory allegations are not sufficient to state a cognizable claim.

**C. ADA--Discrimination**

Title I of the ADA prohibits private employers from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To state a prima facie case for discrimination under [Title I] of the ADA, [plaintiff] must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2004) (quotation marks and citation omitted).

Plaintiff's complaint fails to adequately allege that he was terminated because of his disability or that he suffered an adverse employment action because of his disability. Plaintiff's conclusory allegations are not sufficient.

### D. ADA—Retaliation

The ADA provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). An "adverse employment action" for purposes of an ADA retaliation claim is any action that is "'reasonably likely to deter employees from engaging in protected activity.'" *Id.* (quoting Ray, 217 F.3d at 1243).

Plaintiff does not adequately allege a causal link between any protected activity and any adverse personnel action. Plaintiff's conclusory allegations are not sufficient to state a cognizable claim.

### E. Individual Defendants

Insofar as Plaintiff is attempting to bring claims against individual defendants under Title VII or the ADA, he may not do so. Neither Title VII nor the ADA impose liability on individual employees. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding individual defendants cannot be held personally liable for violations of the ADA); *see also Leon v. Danaher Corp.*, 474 Fed.App'x 591, 592 (9th Cir. 2012) (concluding district court properly dismissed plaintiff's claims against the individual defendants because neither Title VII nor the ADA impose liability on individual employees).

### F. State Law Claims

Plaintiff appears to allege a state law claims for wrongful termination. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme

Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's state law claims at this time.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the

Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 18, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE