1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VADEN ANDERSON,                    No. 1:21-cv-00127-NONE-BAM

12            Plaintiff,                **ORDER GRANTING PLAINTIFF'S**
                                        **REQUEST AND MOTION FOR HIPPA**
13        v.                            **MEDICAL INFORMATION AND**
                                        **CALIFORNIA HIGHWAY PATROL**
14   AMAZON.COM, INC., et al.,          **ACCIDENT REPORT TO BE FILED UNDER**
                                        **SEAL**
15
              Defendants.
16                                      (Doc. 8)

17

18        Currently before the Court is Plaintiff's request to file under seal certain medical

19  information and a California Highway Accident Report submitted in support of his pending

20  Motion for Second Extension of Time to Hand File Amended Factual Complaint.  (Doc. 10.)  For

21  the reasons that follow, Plaintiff's request is GRANTED.

22        "Historically, courts have recognized a 'general right to inspect and copy public records

23  and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

24  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

25  U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and

26  the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access"

27  to court documents generally extends to "all information filed with the court," and "creates a

28
                                        1

1  strong presumption in favor of access to judicial documents which can be overcome only by

2  showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen.*

3  *Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two

4  standards govern whether documents should be sealed: a "compelling reasons" standard, which

5  applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive

6  motions. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,

7  677-78 (9th Cir. 2010).  The "good cause" standard, which is applicable here, presents a lower

8  burden for the party wishing to seal documents.  *Pintos*, 605 F.3d at 678.  Courts determine

9  whether good cause exists to protect the information from being disclosed to the public by

10  "balancing the needs for discovery against the need for confidentiality."  *Id.* (quoting *Phillips*,

11  307 F.3d at 1213).

12       Plaintiff asserts that he "deserves the right to seal and compartmentalize his personal

13  medical information from public access."  (Doc. 8 at 2.)  Having considered the documents at

14  issue, the Court concludes that Plaintiff has sufficiently shown good cause for filing under seal.

15  Accordingly, good cause being shown, Plaintiff's request to seal is HEREBY GRANTED.  The

16  Court orders that the medical information and California Highway Patrol Accident Report

17  submitted on paper to the Clerk of the Court in conjunction with the request to seal be filed and

18  maintained under seal.  The Clerk is directed to scan the documents to be sealed and file them

19  under seal pursuant to Local Rule 144.

20

IT IS SO ORDERED.

21

22       Dated:   **July 21, 2021**                    /s/ *Barbara A. McAuliffe*

23                                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28